ORDER ENTERED ON: 4/9/03

DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

In re

STANWICH FINANCIAL SERVICES CORP.

Debtor

Ch. 11

Case No. 01-50831

---

OFFICIAL COMMITTEE OF UNSECURED CREDITORS,

Plaintiff,

v.

JONATHAN H. PARDEE, CAROL P. HAVICAN, INDIVIDUALLY AND AS TRUSTEE OF THE JONATHAN H. PARDEE CHARITABLE REMAINDER TRUST, OGDEN H. SUTRO, VIRGINIA S. MORSE, INDIVIDUALLY AND AS CO-TRUSTEE OF THE DUNBAR HEELER TRUST, PETER M. DODGE, INDIVIDUALLY AND AS CO-TRUSTEE OF THE DUNBAR WHEELER TRUST, BEAR, STEARNS & CO., INC., FIRST UNION CAPITAL MARKETS CORPORATION, HINCKLEY, ALLEN & SNYDER, LLP, CAMERON & MITTLEMAN, LLP, SCOTT A. JUNKIN, PC, ROBINSON- HUMPHREY CO., LLC

Defendants

AP No. 02-05023

Re: 61 +51

---

APPEARANCES:

Robert U. Sattin, Esq.
Carol Felicetta, Esq.
Reid and Riege, PC
One State Street
Hartford, CT 06103-3185

Attorneys for the debtor

93

| | |
|---|---|
| Pamela B. Corrie, Esq.<br>Deirdre A. Martini, Esq.<br>Ivey Barnum & O'Mara<br>170 Mason St.<br>Greenwich, CT 06830 | Attorneys for plaintiff<br>Creditors' Committee |
| Lawrence S. Grossman, Esq.<br>James Berman, Esq.<br>Zeisler & Zeisler<br>558 Clinton Avenue<br>P.O. Box 3186<br>Bridgeport, CT 06605 | Attorneys for Pardee defendants |
| John F. Carberry, Esq.<br>Cummings and Lockwood<br>Four Stamford Plaza<br>P.O. Box 120<br>Stamford, CT 06904-0120 | Attorney for Sutro defendants |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Alan H.W. Shiff, United States Bankruptcy Judge:

Stanwich Financial Services Corp. commenced this chapter 11 case on June 25, 2001. On May 3, 2002, the Official Committee of Unsecured Creditors (the "Committee"), filed the instant adversary proceeding on behalf of the bankruptcy estate to recover certain prepetition transfers to the defendants pursuant to an April 16, 2002 court approved stipulation with the debtor. On October 1, 2002, the Pardee and Sutro defendants (hereafter the "movants") challenged the standing of the Committee to assert this cause of action. On December 27, 2002, the court ruled in favor of the Committee. *See In re Stanwich Financial Services Corp.*, 288 B.R. 24, 26, 2002 Bankr. LEXIS 1479, *6 (Bankr. D. Conn. 2002).

On November 14 and 19, 2002, the movants filed the instant motions to dismiss Counts I and II of the complaint under Rule 12(b)(6) F.R.Civ.P., and Count VIII of the complaint under Rule 12(b)(1), F.R.Civ.P., which are made applicable here by Rule 7012(b), F.R.Bankr.P.[1]

---

[1] The motion repeats the argument that the Committee lacks standing to bring this action on behalf of the debtor. For the reasons stated in *In re Stanwich Financial Services Corp.*, 288 B.R. 24, that argument was rejected on February 27, 2003. The movants did not appeal that decision.

2

*Standard for dismissal under 12(b)(1) and (6)*

In considering a motion to dismiss under Rule 12(b)(1) and (6),[2] courts "must accept the material facts alleged in the complaint as true and construe all inferences in the plaintiff's favor." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2nd Cir.1995); *Grant v. Wallignford Board of Education*, 69 F.3d 669, 672 (2nd Cir. 1995). As the United States Supreme Court has instructed, "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002), *citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

**Rule 12(b)(6) motion to dismiss Counts I and II**

Counts I and II seek the avoidance of transfers to the movants on the basis that they engaged in intentional and constructive fraud as defined by Rhode Island General Laws 6-16-4 and 6-16-5, made applicable to this case by code § 544(b)(1). Counts I and II seek the same result under code § 548. The movants argue the fraud theories advanced by the plaintiff in those counts are barred by the applicable statutes of limitations. The Committee responds that the statutes of limitations were equitably tolled. The movants counter that the factual predicate for equitable tolling either was not alleged or not available as a matter of law.

The movants contend that while the Rhode Island statute of limitations specifically recognizes the applicability of equitable tolling in the context of actual fraud, it is silent as to constructive fraud. *See February 27, 2003 hearing record* at 11:36. That argument ignores Rhode Island General Law § 9-1-20, which provides that if any cause of action, *e.g.*, for actual or constructive fraud, is concealed, the limitation period will not begin to

---

[2]Rule 12 (b) provides, in pertinent part: "Defenses and Objections . . . the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter . . . (6) failure to state a claim upon which relief can be granted . . . ."

3

accrue until the cause of action has been discovered.[3] See Waters v. Salt Disney World Co., 237 F.Supp.2d 162, 167 (D. R.I. 2002).

Here, Counts I and II allege that Pardee and Sutro concealed certain facts, had actual or constructive knowledge of other facts, and participated in a scheme to deplete the debtor's assets. See Complaint at ¶¶ 6, 9, 33, 34, 37, 47, 52, 54-58, incorporated into Count I by ¶ 72 and Count II by ¶ 80. The Committee has alleged that it "did not discover nor could [it] have discovered with reasonable diligence the facts giving rise to this Complaint any earlier than one year prior to the date [it was filed]." Complaint at ¶2.[4]

The movants argue that code § 548 provides a fixed one year window within which a fraudulent transfer must have occurred to avoid the transfer.[5] As the Committee correctly

---

[3] Rhode Island General Law § 9-1-20 provides "if any person, liable to an action by another, shall fraudulently, by actual misrepresentation, conceal from him or her the existence of the cause of action, the cause of action shall be deemed to accrue against the person so liable at the time when the person entitled to sue thereon shall first discover its existence."

[4] The movants assert that as the sole owner and shareholder of the debtor, Charles E. Bradley's knowledge of the scheme should be imputed to the debtor under principles of agency. That result is not warranted in the context of a motion to dismiss, because Bradley's interest was arguably adverse to the debtor. See, e.g., In re Candor Diamond Corp., 76 B.R. 342, 350-1 (Bankr. S.D.N.Y. 1987). See also February 27, 2003 hearing record at 12:12.

[5] Section 548 provides:

(a)(1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(ii)   (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor

4

observes, however, the doctrine of equitable tolling is generally read into every federal statute, unless Congress expressly provides to the contrary in clear and unambiguous language.

> It is hornbook law that limitations periods are customarily subject to equitable tolling . . . Congress must be presumed to draft limitations periods in light of this background principle. That is doubly true when it is enacting limitations periods to be applied by bankruptcy courts, which are courts of equity and apply the principles and rules of equity jurisprudence.

*Young v. United States*, __ U.S.__, 122 S.Ct. 1036, 1039 (2002) (internal citations, ellipses and quotation marks omitted); *Atlantic City Elec. Co. v. General Elec. Co.*, 312 F.2d 236, 239 (2nd Cir.1962).[6]

Under the doctrine of wrongful concealment, "the statute of limitations will be tolled if the plaintiff proves three elements: (1) wrongful concealment by the defendant, (2) which prevented the plaintiff's discovery of the nature of the claim within the limitations period, and (3) due diligence in pursuing discovery of the claim." *Butala v. Agashiwala*, 916 F.Supp. 314, 319 (S.D.N.Y.1996) (cited in *G-I Holdings v. Baron & Budd*, 238 F.Supp.2d. 251 (2002).

As noted, the Committee has alleged in Counts I and II that the movants engaged in a systematic course of conduct which thwarted its discovery of the instant causes of action. *See Complaint* at ¶¶ 6, 9, 33, 34, 37, 47, 52, 54-58, as incorporated by ¶¶72 and 80. Accepting those material allegations and construing them in the Committee's favor, as required in this analysis, *see supra* at 3, the motion to dismiss Counts I and II must be denied.

---

 was an unreasonably small capital; or

 (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

It is undisputed that the transfers at issue occurred more than one year before the petition date.

[6]Movants' reliance on *Hassett v. Zimmerman (In re O.P.M. Leasing Services, Inc.)* 32 B.R. 199 (Bankr. S.D.N.Y. 1983) for the proposition that the lookback provision in §548 is inelastic, is misplaced since that case did not involve an issue of equitable tolling. *See Sutro Memorandum in Support of Motion to Dismiss* at 4 *and Feburary 27, 2003 hearing record* at 12:31:50.

*Rule 12(b)(1) motion to dismiss Count VIII*

The movants contend that the Committee lacks standing to bring Count VIII (unjust enrichment) because it alleges only that creditors have been harmed and not the debtor.[7] *See Complaint* at ¶¶111-115. Again, construing that count in the Committee's favor, it plainly alleges that the debtor has been harmed by the movants' conduct, *see Complaint* at ¶¶1, 65, 70. Indeed, as a remedy, Count VIII seeks the imposition of a constructive trust "for the benefit of the *debtor's* estate." *Id.* at ¶115 (emphasis added).

Accordingly, the motions to dismiss are DENIED, and it is

SO ORDERED.

Dated at Bridgeport, CT this 9th of April, 2003.

Alan H. W. Shiff
United States Bankruptcy Judge

---

[7] Without requisite standing, the court lacks subject matter jurisdiction and the unjust enrichment count must be dismissed pursuant to Rule 12(b)(1), F.R.Civ.P. *See, e.g., Faibish v. University of Minnesota*, 304 F.3d 797, 800 (8th Cir. 2002).

FILE COPY

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

In Re:   Official Committee of Unsecured Creditor et al. v. Carol P. Havican e

Case No: 1 - 50831
Adversary No: 02 - 05023

### CERTIFICATE OF MAILING

**The undersigned Clerk in the Office of the United States Bankruptcy Court hereby certifies that a copy of the document attached hereto was mailed this date to:**

Deirdre A. Martini  Ivey, Barum & O'Mara, LLC
170 Mason Street
Greenwich, CT 06830, Plaintiff's Attorney

Robert Sattin, Esq. (Atty for the Debtor)
Reid and Riege, P.C., One State St., Htfd., CT 06103-3185

John Carberry, Esq. (Attorney for Sutro Defendants)
Cummings and Lockwood
Four Stamford Plaza, P.O. Box 120, Stamford, CT 06904-0120

James Berman  Zeisler and Zeisler
558 Clinton Avenue
P.O. Box 3186
Bridgeport, CT 06605, Defendant's Attorney

Office of the United States Trustee
Copy of Order placed in court mailbox

**Dated:  04/09/03**                **By:  pbb**