# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| STANWICH FINANCIAL SERVICES | : | Case No. 01-50831 |
| CORPORATION, | : | |
|       Debtor. | : | |

_____

| | | |
|---|---|---|
| | : | |
| OFFICIAL COMMITTEE OF UNSECURED | : | Adv. Pro. No. 02-5023 |
| CREDITORS OF STANWICH FINANCIAL | : | |
| SERVICES CORPORATION [1] | : | |
| | : | |
|       Plaintiff | : | |
| | : | |
|       V. | : | |
| | : | |
| JONATHAN H. PARDEE, CAROL HAVICAN, | : | |
| as TRUSTEE of the JONATHAN H. PARDEE | : | |
| CHARITABLE REMAINDER TRUST, CAROL | : | |
| HAVICAN, in her individual capacity, [2] OGDEN | : | |
| H. SUTRO, VIRGINIA S. MORSE, as | : | |
| CO-TRUSTEE of the DUNBAR WHEELER | : | |
| TRUST, PETER M. DODGE as | : | |
| CO-TRUSTEE of the DUNBAR WHEELER | : | |
| TRUST, VIRGINIA S. MORSE in her | : | |
| individual capacity, PETER M. DODGE, in his | : | |
| individual capacity, BEAR STERNS & CO., | : | |
| INC., FIRST UNION CAPITAL MARKETS | : | |

---

[1] The Official Committee of Unsecured Creditors has been authorized by an April 16, 2002 order to prosecute this adversary proceeding on behalf of the debtor, Stanwich Financial Services Corporation. Upon confirmation of and pursuant to Stanwich's First Amended Plan of Reorganization, a Liquidating Agent has succeeded to that right. *See* Plan, at § V.B.8. The Liquidating Agent has not formally moved to be substituted as plaintiff under Fed. R. Bankr. P. 7025, however, it will be treated as the plaintiff of record pursuant to the court's January 14, 2004 confirmation order. *See*, *infra*, at 3-4.

[2] Although the Liquidating Agent has not moved to amend the caption of this proceeding, it appears from the record that defendant Carol Havican's name has changed to Carol H. Pardee. *See* Defendants' Trial Ex. 8, at 1.

| | |
|---|---|
| CORPORATION f/k/a WHEAT FIRST | : |
| SECURITIES, INC., HINCKLEY, ALLEN & | : |
| SNYDER, LLP, CAMERON & MITTLEMAN, | : |
| LLP, SCOTT A. JUNKIN, P.C., ROBINSON | : |
| HUMPHREY CO., LLC | : |
| | : |
| Defendants | : |

_____

APPEARANCES:

| | |
|---|---|
| John B. Nolan, Esq.<br>Day Pitney, LLP<br>City Place<br>Hartford, CT 06103-3499 | Attorney for Liquidating Agent |
| Lawrence Grossman, Esq.<br>Zeisler & Zeisler, PC<br>558 Clinton Avenue<br>P.O. Box 3186<br>Bridgeport, CT 06605 | Attorney for Defendants,<br>Jonathan H. Pardee and the Pardee<br>Charitable Remainder Trust |
| Rene P. Tatro, Esq.<br>Tatro, Tekosky, Sadwick, LLP<br>660 Figueroa Street, Suite 1450<br>Los Angeles, CA 90017 | Attorney for Defendants,<br>Jonathan H. Pardee and the Pardee<br>Charitable Remainder Trust |
| Charles J. Filardi, Jr., Esq.<br>Filardi Law Offices, LLC<br>65 Trumbull Street<br>New Haven, CT 06510 | Attorney for Consumer Portfolio<br>Services, Inc. |
| Christopher Little, Esq.<br>Little, Medeiros, Kinder,<br>Bulmand & Whitney, P.C.<br>72 Pine Street<br>Providence, RI 02903 | Attorney for Consumer Portfolio<br>Services, Inc. |

_____

**MEMORANDUM AND ORDER ON MOTION**

**TO APPROVE SETTLEMENT AND COMPROMISE**

Alan H.W. Shiff, United States Bankruptcy Judge

The matter before the court presents an unusual scenario. The plaintiff, now known as the Liquidating Agent, *see* n.1, *supra*, filed the instant motion for approval of a

Settlement and Compromise ("Settlement") with Consumer Portfolio Services, Inc. ("CPS"),[3] a stranger to this adversary proceeding. The Settlement proposes, *inter alia*, to dismiss this adversary proceeding against certain defendants ("Settlement Defendants").[4] Of those defendants, Jonathan H. Pardee and Carol H. Pardee, Trustee of the Jonathan H. Pardee Charitable Remainder Trust ("Pardee Defendants") have objected.[5] Their objection is sustained because the Settlement might prejudice their rights in a pending action they commenced in the United States District Court for the District of Rhode Island against CPS.

## BACKGROUND

On June 25, 2001, Stanwich Financial Services Corporation commenced this chapter 11 case. On May 3, 2002, pursuant to an April 16, 2002, stipulated order, the Committee of Unsecured Creditors commenced this adversary proceeding to avoid certain transfers associated with the sale of Settlement Services Treasury Assignments, Incorporated ("SSTAI") to SST Acquisition Corp. SSTAI was later renamed Stanwich Financial Services Corporation.[6]

---

[3] *See*, *infra*, n.6.

[4] The Settlement seeks a dismissal of this adversary proceeding against Jonathan H. Pardee, Carol H. Pardee, individually and as Trustee of the Jonathan H. Pardee Charitable Remainder Trust, Ogden H. Sutro, and Virginia S. Morse and Peter M. Dodge, individually and as co-Trustees of the Dunbar Wheeler Trust. Defendants' Trial Ex. 8, at 1.

[5] Carol H. Pardee Trustee of the Pardee Charitable Remainder Trust is designated in the Pardee Defendants' Objection and First Amended Objection as "Pardee Charitable Remainder Trust".

[6] The defendant, Jonathan H. Pardee, joined SSTAI, a structured settlement assignment company, as its Chief Operating Officer in 1989. Trial Tr. dated May 16, 2007, at 115. By March of 1993, he became SSTAI's controlling shareholder, a status that he maintained until he sold his shares in accordance with a May 20, 1997 Stock Purchase Agreement. *Id.* at 116. As part of the Stock Purchase Agreement, he negotiated an indemnification agreement on behalf of himself and others with SST Acquisition Corp. and CPS. *Id.* at 120. *See also*, Defendants' Trial Ex. 11, Stock Purchase Agreement, at § 9.02. The Pardee Defendants brought the Rhode Island action against CPS to enforce their indemnification agreement. Trial Tr. dated May 16,

On January 8, 2004, the court entered a Stipulated Order pursuant to which Jonathan H. Pardee's proof of claim #149 (the "Pardee Claim"),[7] if allowed, would be treated as a subordinated Class 8 claim under Stanwich's Plan.[8] Stipulated Order dated Jan. 8, 2004, at ¶ 2. On January 14, 2004, the court confirmed Stanwich's First Amended Plan.  On the Plan's effective date, Ivey, Barnum & O'Mara, LLC, was appointed Stanwich's Liquidating Agent with all the rights and powers of a trustee under the bankruptcy code, and attorney Melissa Zelen Neir was designated as the Liquidating Agent.  Section V.B.8 of the Plan authorized the Liquidating Agent to prosecute any and all actions, including this adversary proceeding.

On or about May 15, 2006, the Liquidating Agent and CPS executed a Term Sheet outlining the Settlement, which in relevant part, provides:

> A. For and in consideration of the Liquidating Agent's (i) agreement to cause her claims against the [Settlement Defendants] in [this adversary proceeding] to be dismissed with prejudice, and (ii) obtaining an agreement from [Jonathan H.] Pardee that he will withdraw his claims asserted in the Stanwich bankruptcy case, [[9]] CPS agrees to the following conditions:
>
> (i) the irrevocable and indefeasible payment of $625,000 in cash to the [Stanwich] Estate (the "Pardee Payment"), and
>
> (ii) causing the release and withdrawal of the TLC Claim[[10]].

---

2007, at 164.

[7]On November 26, 2001, Jonathan H. Pardee filed a proof of an unsecured claim against Stanwich for indemnification arising from the Stock Purchase Agreement.  Note 6, *supra*; Claim #149, Ex. A.  Stanwich, the Committee and the Liquidating Agent have objected to the claim.

[8]Pursuant to the Plan, Class 8 claims are not entitled to receive a distribution until all senior classes are paid in full.  *See* Defendants' Trial Ex. 8, at Ex. A.

[9] The Liquidating Agent has not obtained Jonathan H. Pardee's consent to withdraw his claims.  Trial Tr. dated May 16, 2007, at 26.  However, CPS has represented that it will waive enforcement of that term of the Settlement.  *Id.* at 65-66.

[10]On November 19, 2001, the TLC Company filed an unsecured proof of claim in the amount of $500,000 plus interest.  On March 3, 2006, TLC transferred its claim to

4

*See* Movant's Trial Ex. A, Settlement Agreement.

On September 26, 2006, the Liquidating Agent filed the instant motion for approval of the Settlement. *See* Fed. R. Bankr. P. 9019 and 7041; Fed. R. Civ. P. 41. On October 6, 2006, the Pardee Defendants filed an objection, and on October 23, 2006, they filed the instant First Amended Objection. The other Settlement Defendants have not filed objections.

## DISCUSSION

The Liquidating Agent argues that Jonathan H. Pardee lacks standing to object to the Settlement because he will not receive a distribution under the Plan. The basis for that assertion is that the best case scenario for the Liquidating Agent's recovery of assets is $81.8 million, the pool of allowed unsecured claims in Classes 5 through 7 exceeds $147 million, and the Pardee Claim is at best a subordinated Class 8 claim. *Supra*, at 4. *See also*, Defendants' Trial Ex. 8, at Ex. A. However, the fact that the Pardee Defendants are named in this adversary proceeding, which would be dismissed as to them if the Settlement were approved, is sufficient to arm them with standing to oppose the terms of the Settlement. *See In re RFE Indus.*, 283 F.3d 159, 164 (3d Cir. 2002) (stating that "the party most clearly adversely affected by the Settlement . . . has standing to object to the Settlement even though it was not a party to the Settlement"). But more to the point, the Liquidating Agent's argument ignores the basis of the Pardee Defendants' objection, *see*, *infra*, at 7, which they undoubtedly have standing to assert.

The decision of whether to approve a proposed settlement lies within the sound discretion of the bankruptcy court. *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005)(citing *In re Purofied Down Prod. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993)). The burden of persuasion rests with the proponents. *In re Matco Electronics Group Inc.*, 287 B.R. 68, 76 (Bankr. N.D.N.Y. 2002)(citation omitted).

It is well-settled that "bankruptcy courts in this circuit may only approve a proposed settlement after an independent determination that it does not 'fall below the lowest point

---

CPS pursuant to Fed. R. Bankr. P. 3001(e)(2).

5

in the range of reasonableness.'" *In re Raytech Corp.*, 261 B.R. 350, 360 (Bankr. D. Conn. 2001)(quoting *Resolution Trust Corp. v. Best Prod. Co. (In re Best Prods. Co.)*, 177 B.R. 791 (S.D.N.Y. 1995), *aff'd*, 68 F.3d 26 (2d Cir. 1995)). In order to make such a determination the court must evaluate "the fairness of the terms of the compromise" and "form an educated estimate of the complexity, expense, and likely duration of [any unsettled] litigation, the possible difficulties of collecting any judgment which might be obtained, and all other factors relevant to a fair and full assessment of the wisdom of the proposed compromise." *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968). "In applying that standard the bankruptcy court does not need to conduct a 'mini trial' of the merits of the claims underlying the controversy being settled." *Raytech*, 261 B.R. at 360 (citing *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)).

The Liquidating Agent and CPS appear to argue that the court's sole role in a Rule 9019 analysis should be narrowed to a determination of whether the Settlement is in the financial best interests of the Stanwich estate. Essentially, they assert that if the Settlement, which provides a financial benefit to the estate, is not below the lowest point in the applicable range of reasonableness, then the court should approve it without making further inquiry. That argument clashes with applicable Second Circuit authority in the context of this proceeding.

The Second Circuit has instructed that when the rights of non-settling parties are implicated by the terms of a settlement, the court cannot approve it without considering the interests of those non-settling parties. *See In re Drexel Burnham Lambert Group*, 995 F.2d 1138, 1146-47 (2d Cir. 1993)(applying class action standards of fairness in a bankruptcy case). In *Drexel*, the Second Circuit cited *In re Masters Mates & Pilots Pension Plan and IRAP Litigation*, 957 F.2d 1020, 1026 (2d Cir. 1992)(citation omitted) a class action case, that provides:

> where the rights of one who is not a party to a settlement are at stake, the fairness of the settlement to the settling parties is not enough to earn the judicial stamp of approval . . . if third parties complain to a judge that a decree will be inequitable because it will harm them unjustly, he cannot just brush their complaints aside.

6

The Pardee Defendants have commenced an indemnification action against CPS in the United States District Court for the District of Rhode Island. They object to Settlement because of a concern that its terms and a corresponding order might be read in that action to support a claim that CPS's payment was made on their behalf and therefore expose them to risks they do not now face, to wit: the elimination or reduction of their recovery or an offset against their recovery in that action. They also claim the Settlement might damage Jonathan H. Pardee's reputation. *See* Trial Tr. dated May 16, 2007, at 10, 157-58 and 160-61.

The Liquidating Agent and CPS responded that the Settlement would not expose the Pardee Defendants to those risks because the Settlement would dismiss this adversary proceeding against them with prejudice, i.e., a final adjudication on the merits. Fed. R. Civ. P. 41(a)(2)( made applicable to these proceedings by Fed. R. Bankr. P. 7041). *Nemaizer v. Baker*, 793 F.2d 58, 60-61(2d Cir. 1986) (explaining that "a dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same causes of action")(citation omitted).

That argument is unavailing. While the Settlement would eliminate the risk of future litigation against the Pardee Defendants by this plaintiff, it would not eliminate the legitimate concerns they raise here. Moreover, those concerns are buttressed by the record which repudiates CPS's claim that its offer to settle was motivated by a strategy to save litigation expenses in this adversary proceeding. Trial Tr. dated May 16, 2007, at 145-46; Pre-Trial Hr'g. Tr., dated October 24, 2006, at 43-45. If that were CPS' motivation, it could have achieved that result without insisting upon the language that could be detrimental to the Pardee Defendants. Put another way, CPS's refusal to provide a definitive statement that the Settlement payment was solely for its benefit, i.e., to end litigation expenses, and not on behalf of the Pardee Defendants, justifies the Pardee Defendants' suspicion that CPS will attempt to use the Settlement to its advantage in the Rhode Island action.

**CONCLUSION**

For the foregoing reasons the Liquidating Agent's Motion is DENIED. A proposed pretrial order shall be filed no later than November 9, 2007, and
IT IS SO ORDERED.


Dated at Bridgeport, Connecticut, this 26TH day of October 2007.


Alan H. W. Shiff
United States Bankruptcy Judge