Not For Publication

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| STANWICH FINANCIAL SERVICES CORPORATION, | : | Case No. 01-50831 |
| Debtor. | : | |

_____

| | | |
|---|---|---|
| | : | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF STANWICH FINANCIAL SERVICES CORPORATION [1] | : | Adv. Pro. No. 02-5023 |
| Plaintiff | : | |
| V. | : | |
| | : | |
| JONATHAN H. PARDEE, CAROL HAVICAN, as TRUSTEE of the JONATHAN H. PARDEE CHARITABLE REMAINDER TRUST, CAROL HAVICAN, in her individual capacity, OGDEN H. SUTRO, VIRGINIA S. MORSE, as CO-TRUSTEE of the DUNBAR WHEELER TRUST, PETER M. DODGE as CO-TRUSTEE of the DUNBAR WHEELER TRUST, VIRGINIA S. MORSE in her individual capacity, PETER M. DODGE, in his individual capacity, BEAR STERNS & CO., INC., FIRST UNION CAPITAL MARKETS CORPORATION f/k/a WHEAT FIRST SECURITIES, INC., HINCKLEY, ALLEN & SNYDER, LLP, CAMERON & MITTLEMAN, LLP, SCOTT A. JUNKIN, P.C., ROBINSON HUMPHREY CO., LLC | : | |
| | : | |
| Defendants | : | |

_____

---

[1] The Official Committee of Unsecured Creditors was authorized by an April 16, 2002 order to prosecute this adversary proceeding on behalf of the debtor. Pursuant to Stanwich's First Amended Plan of Reorganization, a Liquidating Agent has succeeded to that right. January 14, 2004 Confirmation Order. The Liquidating Agent, Ivey Barnum & O'Mara, LLC, designated attorney Melissa Zelen Neir as its agent. First Amended Plan at 24. Although, the Liquidating Agent has not formally moved to be substituted as the plaintiff of record under Fed. R. Bankr. P. 7025(c), it will be treated as the plaintiff in this proceeding.

APPEARANCES:

John B. Nolan, Esq.  Attorneys for the Plaintiff, Ivey Barnum
Eric Sandler, Esq.  & O'Mara, LLC. [2]
Day Pitney, LLP
242 Trumbull Street
Hartford, CT 06103-1212

Lawrence Grossman, Esq.  Attorney for the Defendants,
Zeisler & Zeisler, PC  Jonathan H. Pardee, Carol Havican
558 Clinton Avenue  n/k/a Carol Pardee, in both her
P.O. Box 3186  individual capacity and as Trustee of the
Bridgeport, CT 06605  Jonathan H. Pardee Charitable
 Remainder Trust.

_____

## MEMORANDUM AND ORDER ON

## DEFENDANTS' MOTION TO DISSOLVE INJUNCTION

On January 5, 2008, the Pardee Defendants [3] filed this motion to dissolve a September 23, 2002 temporary restraining order ("TRO") which prohibited them from transferring, otherwise removing, or taking any action with respect to the Jonathan H. Pardee Charitable Remainder Trust (the "Fund"). [4] *See* Fed. R. Bankr. P. 7065. For the reasons that follow, the motion is denied.

### BACKGROUND

On September 23, 2002, the plaintiff filed an application for the TRO and an application for a preliminary injunction. The TRO entered on that date and was extended with the consent of the Pardee Defendants on October 2, 2002. On November 20, 2002,

---

[2] See *supra*, note 1.

[3] The Pardee Defendants are Jonathan H. Pardee, Carol Havican n/k/a Carol Pardee, in her individual capacity and as Trustee of the Jonathan H. Pardee Charitable Remainder Trust.

[4] At the February 19, 2008 hearing on the instant motion, the Pardee Defendants estimated that the value of the Fund, now held in an account at Warfield Associates, Inc., is between $800,000 and $900,000.

the parties' stipulation on the record extended the TRO without date, that is they agreed that the Committee's application for a preliminary injunction would be continued without date and defined conditions for which the TRO could be dissolved. The plaintiff contends the Pardee Defendants have not complied with those conditions. The court, however, need not address that argument for the reasons set forth below. *See infra* at 4-5.

To obtain a preliminary injunction an applicant must "establish that (1) absent injunctive relief, it will suffer irreparable harm and (2) either (a) that it is likely to succeed on the merits, or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and the balance of hardships tips decidedly in favor of the moving party." *Otokoyama Co. v. Wine of Japan Import, Inc.*, 175 F.3d 266, 270 (2d Cir. 1999).

On September 26, 2006, the plaintiff filed a motion for approval of settlement and compromise (the "Settlement Motion") with a non-party, Consumer Portfolio Services ("CPS"), claiming the immediate financial benefit to the estate and the time and expense saved by avoiding litigation. Settlement Motion at 7. The settlement proposed, *inter alia*, to dismiss with prejudice this adversary proceeding against the Pardee Defendants in return for a $625,000 cash payment by CPS to the debtor. The Pardee Defendants objected, arguing, *inter alia*, that the settlement would harm them in their indemnification action against CPS, pending in the United States District Court for the District of Rhode Island (*Jonathan H. Pardee, et al., v. Consumer Portfolio Services, Inc.*, Case No. 1:01-CV-00594) (the "Rhode Island Action"). On October 26, 2007, the court entered a memorandum and order [5] which agreed with the Pardee Defendants' position (the "Settlement Order"). Familiarity with that decision is assumed. On November 30, 2007, in accordance with Fed. R. Bankr. P. 8001(b), the plaintiff filed a notice of appeal and a motion for leave to appeal an interlocutory judgment. [6]

---

[5]*In re Stanwich Financial Services Corp.*, 377 B.R. 432, 437 (Bankr. D.Conn. 2007).

[6]The colloquy between the court and the parties at the February 19, 2008 hearing could be read to suggest that the plaintiff has filed both an appeal as of right and a motion for leave to appeal the Settlement Order. Audio recording: Hearing on Motion to Dissolve (Feb. 19, 2008) (on file with court). The docket, however, reflects that the plaintiff only filed a motion for leave to appeal [Dkt. #s 471 & 472]. *See* Fed. R.

At the February 19, 2008 hearing on the instant motion, the Pardee Defendants argued that the TRO should be dissolved because of the position the plaintiff took during the May 16-17, 2007 trial on the Settlement Motion. That is, they construed the plaintiff's willingness to settle with CPS as an admission by the plaintiff that it is not likely to succeed on the merits. They further argued that the balance of hardships tips in their favor because of the pace of this proceeding. As such, the Pardee Defendants claimed the plaintiff cannot meet the preliminary injunction test and a hearing on their application for that protection would be futile.[7] The plaintiff disagreed, arguing that it can satisfy the preliminary injunction test notwithstanding the position it took in support of its Settlement Motion. The plaintiff further argued that the Pardee Defendants had consented to the extensions of the TRO.

**DISCUSSION**

Litigants frequently compromise their claims in return for a cash settlement that is less than their maximum potential recovery. Thus, the Pardee Defendants' argument that the plaintiff's proposed settlement of this adversary proceeding is tantamount to an admission that it cannot satisfy the second prong of the preliminary injunction test is a non-sequitur. Moreover, if a party's position during the trial on the Settlement Motion were to have adverse consequences in this setting, the Pardee Defendants appear to be vulnerable. As noted, they argued against the settlement because it would harm them in the pending Rhode Island Action. Therefore, they had to know that if their opposition was successful, this adversary proceeding would have to remain viable and, as noted *infra* at 5, the TRO they now seek to dissolve would have to remain in place for its intended purpose.[8] Likewise, the Pardee Defendants' balance of the hardships argument is

---

Bankr. P. 8001(b). Nonetheless, for the reasons stated *infra* at 4-5, the disposition of this matter would not be different even if the plaintiff had filed an appeal as of right under Fed. R. Bankr. 8001(a).

[7] The Pardee Defendants did not address the other prongs of the preliminary injunction test.

[8] Indeed, Jonathan H. Pardee testified at the hearing on the Settlement Motion that since the terms of the settlement were unacceptable he had no choice but to

unpersuasive given that they consented to extensions of the TRO.

The Pardee Defendants further argue that the District Court's resolution of the motion for leave to appeal the Settlement Order has no bearing on dissolution of the TRO, but that ignores the link between the two. If the District Court were to deny the plaintiff's motion for leave to appeal, this adversary proceeding, perhaps consolidated with a hearing on the application for a preliminary injunction,[9] will proceed to trial. On the other hand, the District Court might grant leave to appeal and affirm the Settlement Order. Either way, the TRO should remain in place to for its intended purpose. The only scenario under which the TRO would be unnecessary is in the event the District Court were to grant leave to appeal and then reverse the Settlement Order. Whatever course this process takes, it would be inappropriate for this court to dissolve the TRO prior to the District Court's decision. To conclude otherwise would intrude on the appellate process.

## CONCLUSION

For the foregoing reasons the motion to dissolve the TRO is denied, and
IT IS SO ORDERED.

Dated at Bridgeport, Connecticut, this 3rd day of March 2008.

Alan H. W. Shiff
United States Bankruptcy Judge

---

continue litigating this adversary proceeding. Trial Tr. dated May 16, 2007 at 162.

[9]*See* Fed. R. Bankr. P. 7065(a)(2).

5