**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re | : | |
| | : | |
| STANWICH FINANCIAL SERVICES CORP., | : | Ch. 11 |
| | : | |
| | : | Case No. 01-50831 |
| Debtor. | : | |
| | : | |
| THE LIQUIDATING AGENT OF STANWICH FINANCIAL SERVICES CORP., on behalf of THE LIQUIDATING ESTATE OF STANWICH FINANCIAL SERVICES CORP. and its CREDITORS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. 02-5023 |
| | : | |
| JONATHAN H. PARDEE, CAROL P. HAVICAN, INDIVIDUALLY AND AS TRUSTEE OF THE JONATHAN H. PARDEE CHARITABLE REMAINDER TRUST, OGDEN H. SUTRO, VIRGINIA S. MORSE, INDIVIDUALLY AND AS CO-TRUSTEE OF THE DUNBAR HEELER TRUST, PETER M. DODGE, INDIVIDUALLY AND AS CO-TRUSTEE OF THE DUNBAR WHEELER TRUST, BEAR, STEARNS & CO., INC., FIRST UNION CAPITAL MARKETS CORPORATION, HINCKLEY, ALLEN & SNYDER, LLP, SCOTT A. JUNKIN, PC, ROBINSON- HUMPHREY CO., LLC, and JOHN DOES 1 through 20, Defendants. | : | |

APPEARANCES:

| | | |
|---|---|---|
| James J. Tancredi, Esq. | : | For the Liquidating Agent[1] |
| Erick M. Sandler, Esq. | : | |
| Day Pitney LLP | : | |
| 242 Trumbell Street | : | |
| Hartford, CT 06103 | : | |
| | : | |
| David B. Zabel, Esq. | : | For Defendant Hinckley Allen |
| Cohen and Wolf, P.C. | : | |
| 1115 Broad Street | : | |
| Bridgeport, CT 06604 | : | |
| | : | |
| Scott D. Rosen, Esq. | : | For Defendant Bear Stearns |
| Cohn Birnbaum & Shea, P.C. | : | |
| 100 Pearl Street, 12th Floor | : | |
| Hartford, CT 06103 | : | |

Alan H. W. Shiff, United States Bankruptcy Judge:

**MEMORANDUM AND ORDER ON LIQUIDATING AGENT'S
SECOND MOTION FOR LEAVE TO AMEND COMPLAINT**

INTRODUCTION

This adversary proceeding has a long history. Its progress has been interrupted by appeals and, most recently, a motion to withdraw the reference. That motion having been denied, the plaintiff Liquidating Agent now requests the court to rule on its outstanding Motion for Leave to Amend the Complaint (doc. #217) ("Motion to Amend"). The Motion to Amend seeks to augment the factual allegations of the original complaint and delete certain causes of action. The defendants Bear Stearns & Co., Inc. ("Bear

---

[1] *See Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 377 B.R. 432, 432 n.1 (Bankr. D. Conn. 2004) (treating the Liquidating Agent as the plaintiff of record pursuant to the court's January 14, 2004 confirmation order).

Stearns") and Hinckley, Allen & Synder. LLP ("Hinckley Allen") have objected.  For the reasons that follow, the plaintiff's Motion to Amend is denied.

BACKGROUND

The court has written numerous decisions in this adversary proceeding which provided a detailed background of the case.[2]  Familiarity with the facts and lengthy procedural history of this proceeding is assumed.  The court repeats here only that portion of the background which is necessary for this ruling.

The court denied the plaintiff's first motion to amend its complaint in part because it found that under the *Wagoner* rule, *see Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 118 (2d Cir. 1991), it lacked standing.  *See Stanwich III*, 317 B.R. at 231.  The basis of this second Motion to Amend against Bear Stearns and Hinckley Allen is that those defendants were compensated for their alleged assistance

---

[2]  *See, e.g.*, *Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 288 B.R. 24 (Bankr. D. Conn 2002) (addressing standing of creditors' committee to commence and prosecute avoidance proceeding) ("*Stanwich I*"); *Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 291 B.R. 25 (Bankr. D. Conn. 2003) (denying Pardee Defendants' motion to dismiss because statute of limitations to bring an avoidance action is subject to equitable tolling) ("*Stanwich II*"); *Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 317 B.R. 224 (Bankr. D. Conn. 2004) (denying Liquidating Agent's first motion to amend complaint on application of *Wagoner* rule; Liquidating Agent provided opportunity to file a second amended complaint) ("*Stanwich III*"); *Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 377 B.R. 432 (Bankr. D. Conn. 2004) (finding that granting the Liquidating Agent's Rule 9019 motion may be prejudicial to the Pardee Defendants, sustaining the Pardee Defendants' objection to said motion) ("*Stanwich IV*"); *Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 2008 WL 638363 (Bankr. D. Conn. Mar. 3, 2008) (denying the Pardee Defendants' request to dissolve TRO) ("*Stanwich V*").

in the Debtor's 1997 leveraged buyout ("LBO") transaction at the core of this adversary proceeding. It is those payments that the plaintiff alleges constitute fraudulent transfers which it seeks to avoid pursuant to Bankruptcy Code §§ 544, 548, 550, and 551, as well as Rhode Island General Laws §§ 6-16-4, 6-16-5(a).[3]

## DISCUSSION

The resolution of this Motion to Amend again centers on the issue of standing, *i.e.*, does the plaintiff have standing to assert claims against Bear Stearns and Hinckley Allen. *See Hirsch v. Arthur Andersen & Co. (In re Colonial Realty Co.)*, 72 F.3d 1085, 1091 (2d Cir. 1995)*; Wagoner*, 944 F.2d at 118. To have standing, "[a] plaintiff must [1] allege personal injury [2] fairly traceable to the defendant's allegedly unlawful conduct and [3] likely to be redressed by the requested relief." *Hirsch*, 72 F.3d at 1091 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984))(brackets in *Hirsch*; further citation omitted). In other words, "[t]o determine standing, the court must look to *the nature of the wrongs alleged* in the complaint *without regard to the plaintiff's designation* . . . and *the nature of the injury* for which relief is sought." *In re Hampton Hotel, Investors, L.P.*, 289 B.R. 563, 576 (Bankr. S.D.N.Y. 2003) (quoting *In re Granite Partners, L.P.*, 194 B.R. 318, 325 (Bankr. S.D.N.Y. 1996) (further citation omitted)) (emphasis added).

As this court has previously held in this adversary proceeding:

> [W]hen "a bankruptcy corporation has joined with a third party in defrauding its creditors, the trustee cannot recover

---

[3] The fraudulent transfer claims against Bear Stearns are raised in Counts V and VI of the Second Amended Complaint and those against Hinckley Allen are raised in Counts I, II, V, and VI.

> against the third party for the damage to the creditors." [*Wagoner*, 944 F.2d at 118.] Moreover, when the alleged malfeasor is the corporation's sole shareholder and decision-maker, the *Wagoner* rule bars the trustee from suing even if the trustee claims that the debtor was harmed because, in that situation, the third party aider-and-abetter cannot be liable to the debtor. *Id.* at 120; *see also In re Bennett Funding Group, Inc.*, 336 F.3d 94, 100 (2d Cir. 2003); [*In re*] *Mediators,* [*Inc.*], 105 F.3d [822,] 827 [(2d Cir. 19970], ("[W]here the principal and agent are one and the same," if the agent is alleged to have stripped the corporation of assets, it is presumed that the principal, who is the same individual merely wearing a different hat, had knowledge of the actions.)
> It has accordingly been determined in this circuit that a bankruptcy trustee or creditors' committee acting on behalf of a debtor corporation lacks standing to assert actions against alleged third-party aider-and-abetters when the sole shareholder of the debtor corporation is alleged to have perpetrated the fraud. *See Hirsch* [*v. Arthur Andersen & Co.*], 72 F.3d 1085, 1094 (2d Cir. 1995) [(further citations omitted)].

*Stanwich III*, 224 B.R. at 229.

"The *Wagoner* Rule is less a single rule than a *process for analyzing* whether and under what circumstances a trustee has standing to pursue a prepetition cause of action or is precluded from doing so by either *the nature of the claim* or the debtor's prepetition conduct." *Picard v. Taylor (In re Park South Sec., LLC)*, 326 B.R. 505, 513 (Bankr. S.D.N.Y. 2005) (emphasis added). Moreover, Second Circuit *Wagoner* jurisprudence does not forestall, *per se*, the application of the rule simply because a bankruptcy trustee (or another representative of the bankruptcy estate) has invoked a statute to bring a claim. This second attempt to address defects contained in the first proposed amended complaint implicates those two concepts.

The plaintiff continues to allege that the debtor's sole shareholders, Pardee and Sutro, along with its professionals, including Bear Stearns and Hinckley Allen, acted in concert to defraud, *inter alia*, the debtor's creditors. In that effort, the plaintiff again alleges that Bear Stearns and Hinckley Allen knowingly participated with and assisted the fraudulent acts of Pardee and Sutro in planning and effectuating the Debtor's 1997 LBO. However, this time, the plaintiff eliminates the phrase "aiding and abetting". For example:

> 77.    Despite their actual knowledge, Bear Stearns, R-H, Pardee, the other Selling Shareholders, and Hinckley Allen knowingly and intentionally marketed SSTAI as "a purchase of high quality, highly liquid and flexible assets, primarily US Treasury Bonds" . . . . Pardee, *with the help of* Bear Stearns, Hinckley Allen and R-H, effected the sale of stock in SSTAI . . . .
> 78.    . . . Bear Stearns, Pardee, Financial advisors at R-H and attorneys at Hinckley Allen . . . knew that SFSC would have no assets other than those belonging to the Treasury Bond Trusts, but caused *or facilitated* the sale of SSTAI to SFSC through a transaction that depleted trust assets by utilizing them to finance the purchase price. . .

Second Proposed Amended Complaint at ¶¶ 77, 78 (emphasis added).

The plaintiff's deletion of the phrase "aiding-and-abetting" is a mere cosmetic change and does not alter the fact that the plaintiff continues to assert its fraudulent transfer action against Bear Stearns and Hinckley Allen (and others) on the basis that they *"assist[ed] or effectuate[d] the 1997 LBO", see id.* at ¶ 171 (emphasis added*), i.e.,* they participated in the alleged scheme to defraud the debtor's creditors. *See also id.* at ¶ 39 (describing Pardee and Sutro as having "a scheme to 'harvest' the phantom 'surplus equity' for [Settlement Services Treasury Assignments, Inc. ("SSTAI")] solely

for the shareholders' [*i.e.*, Pardee and Sutro's] financial gain"). "Helping" and "facilitating" are simply different words for "aiding and abetting".[4]

The plaintiff's second argument in support of its Motion to Amend is that linking its effort to a statutory cause of action avoids the consequences of the *Wagoner* rule. (*See* Plaintiff's Reply Memo. at 4 (doc. #537)). But that strategy merely begs the question. Simply stated: before a claim, statutorily based or otherwise, may be asserted, a claimant must have standing to do so.

Second Circuit law is clear that "claims against a third party for defrauding a corporation with the cooperation of management [*i.e.*, sole shareholder/defendants Pardee and Sutro] accrues to creditors, not to the guilty corporation." *Wagoner*, 944 F.2d at 120 (further citation omitted); *see also, e.g., The Mediators, Inc. v. Manney (In re The Mediators, Inc.)*, 105 F.3d 822, 826-27 (2d Cir. 1997); *Hirsch*, 72 F.3d 1085 (2d Cir. 1995). Therefore, the plaintiff remains blocked by the *Wagoner* rule to prosecute its proposed causes of action against Bear Stearns and Hinckley Allen.

It follows that allowing the plaintiff to amend its complaint would be futile. *See Stanwich III*, 224 B.R. at 226 ("In this circuit,'[a]n amendment is considered futile if the amended pleading fails to state a claim or would be subject to a motion to dismiss on some other basis.'" (quoting *In re Kellogg*, 166 B.R. 504, 506-07 (Bankr. D. Conn. 1994) (further citation omitted)). Finding the plaintiff lacks standing to prosecute this adversary proceeding against Bear Stearns and Hinkley Allen, the court will not address

---

[4] "Aid" is defined as "2 a: the act of *helping*" or "2 b: help given". WEBSTER'S NEW COLLEGIATE DICTIONARY 25 (1975) (emphasis added). "Abet" is defined as "2: to assist or support in the achievement of a purpose". *Id.* at 2.

their other objections.

## CONCLUSION

Accordingly, the plaintiff's Motion to Amend is denied, and

IT IS SO ORDERED.

Dated this 7th day of April, 2011 at Bridgeport, Connecticut.

BY:

Alan H. S. Shiff
United States Bankruptcy Judge