# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| STANWICH FINANCIAL SERVICES | : | Ch. 11 |
| CORP., | : | Case No. 01-50831 |
| | : | |
| Debtor. | : | |
| | : | |

| | | |
|---|---|---|
| | : | |
| THE LIQUIDATING AGENT | : | |
| OF STANWICH FINANCIAL | : | |
| SERVICES CORP., on behalf of | : | |
| THE LIQUIDATING ESTATE OF | : | |
| STANWICH FINANCIAL SERVICES | : | |
| CORP. and its CREDITORS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. 02-5023 |
| | : | |
| JONATHAN H. PARDEE, CAROL P. | : | |
| HAVICAN, INDIVIDUALLY AND AS | : | |
| TRUSTEE OF THE JONATHAN H. | : | |
| PARDEE CHARITABLE REMAINDER | : | |
| TRUST, OGDEN H. SUTRO, VIRGINIA | : | |
| S. MORSE, INDIVIDUALLY AND AS | : | |
| CO-TRUSTEE OF THE DUNBAR | : | |
| HEELER TRUST, PETER M. DODGE, | : | |
| INDIVIDUALLY AND AS CO-TRUSTEE | : | |
| OF THE DUNBAR WHEELER TRUST, | : | |
| BEAR, STEARNS & CO., INC., FIRST | : | |
| UNION CAPITAL MARKETS | : | |
| CORPORATION, HINCKLEY, ALLEN | : | |
| & SNYDER, LLP, SCOTT A. JUNKIN, | : | |
| PC, ROBINSON- HUMPHREY CO., | : | |
| LLC, and JOHN DOES 1 through 20, | : | |
| Defendants. | : | |

APPEARANCES:

| | | |
|---|---|---|
| James J. Tancredi, Esq. | : | For the Liquidating Agent[1] |
| Erick M. Sandler, Esq. | : | |
| Day Pitney LLP | : | |
| 242 Trumbell Street | : | |
| Hartford, CT 06103 | : | |
| | : | |
| David B. Zabel, Esq. | : | For Defendant Hinckley Allen |
| Cohen and Wolf, P.C. | : | |
| 1115 Broad Street | : | |
| Bridgeport, CT 06604 | : | |
| | : | |
| Scott D. Rosen, Esq. | : | For Defendant Bear Stearns |
| Cohn Birnbaum & Shea, P.C. | : | |
| 100 Pearl Street, 12th Floor | : | |
| Hartford, CT 06103 | : | |

Alan H. W. Shiff, United States Bankruptcy Judge:

### MEMORANDUM AND ORDER ON LIQUIDATING AGENT'S
### MOTION FOR CLARIFICATION AND RECONSIDERATION

### Introduction

The plaintiff Liquidating Agent moves for clarification and reconsideration of the court's April 7, 2011 Memorandum and Order denying its second motion for leave to amend its complaint.  Defendants Bear Stearns & Co., Inc. ("Bear Stearns") and Hinckley, Allen & Synder. LLP ("Hinckley Allen") object.  For the reasons that follow, the Liquidating Agent's motion for clarification is granted, and its motion for reconsideration is denied.

---

[1] *See Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 377 B.R. 432, 432 n.1 (Bankr. D. Conn. 2004) (treating the Liquidating Agent as the plaintiff of record pursuant to the court's January 14, 2004 confirmation order).

**Background**

The court has written numerous decisions in this adversary proceeding which provided a detailed background of the case.[2] Familiarity with the facts and procedural history is assumed. The court repeats here only that portion of the background which is necessary for this ruling.

On April 7, 2011, the court issued a ruling denying the Liquidating Agent's second motion for leave to amend its complaint on the basis that under the so-called *Wagoner*[3] rule, it lacked standing to pursue its proposed amended fraudulent transfer claims against the Defendants Bear Stearns and Hinckley Allen ( "April 7th Ruling"). *See Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 2011 WL 1331926, slip op. (Bankr. D. Conn. Apr. 7, 2011) (doc. # 558; hereafter, "*Stanwich VI*"). The Liquidating Agent moved for clarification and reconsideration of the April 7th Ruling. (*See* doc. #562; hereafter, "Clarification/Reconsideration Motion"). As to the first matter, the Liquidating Agent

---

[2] *See, e.g.*, *Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 288 B.R. 24 (Bankr. D. Conn 2002) (addressing standing of creditors' committee to commence and prosecute avoidance proceeding) ("*Stanwich I*"); *Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 291 B.R. 25 (Bankr. D. Conn. 2003) (denying Pardee Defendants' motion to dismiss because statute of limitations to bring an avoidance action is subject to equitable tolling) ("*Stanwich II*"); *Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 317 B.R. 224 (Bankr. D. Conn. 2004) (denying Liquidating Agent's first motion to amend complaint based on application of *Wagoner* rule; Liquidating Agent provided opportunity to file a second amended complaint) ("*Stanwich III*"); *Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 377 B.R. 432 (Bankr. D. Conn. 2004) (finding that granting the Liquidating Agent's Rule 9019 motion may be prejudicial to the Pardee Defendants, sustaining the Pardee Defendants' objection to said motion) ("*Stanwich IV*"); *Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 2008 WL 638363 (Bankr. D. Conn. Mar. 3, 2008) (denying the Pardee Defendants' request to dissolve TRO) ("*Stanwich V*"); *Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 2011 WL 1331926 (Bankr. D. Conn. Apr. 7, 2011) (denying Liquidating Agent's second motion for leave to amend its complaint based on application of *Wagoner* rule) ("*Stanwich VI*").

[3] *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 118 (2d Cir. 1991).

seeks  a clarification of the scope of the April 7th Ruling, *i.e.*, whether the application of the *Wagoner* rule applied only to the Liquidating Agent's second proposed complaint or also to the original, operative complaint.  As to the second matter, the court is asked to reconsider its "ostensible analysis of the broad applicability of *Wagoner* to this case." (Memo in Support of Clarification/Reconsideration Motion at 12 (doc. #563).)  Both Bear Stearns and Hinckley Allen object.

**Discussion**

***Clarification of the April 7th Ruling***

The April 7th Ruling stated that "[T]he plaintiff *remains* blocked by the *Wagoner* rule *to prosecute its proposed causes of action* against Bear Stearns and Hinckley Allen."  *Stanwich VI*, 2011 WL 1331926, at *3 (emphasis added).  Then, in the following paragraph, the court found "the plaintiff lacks standing *to prosecute this adversary proceeding* against Bear Stearns and Hinckley Allen, . . ." *Id.* (emphasis added). Arguably, there may be a question as to whether the Liquidating Agent may prosecute its fraudulent transfer causes of action against Bear Stearns and Hinckley Allen as alleged in its original complaint, but any such conclusion would defeat the rationale of the April 7th Ruling.  Nonetheless, the court will provide the requested clarification.

The April 7th Ruling concluded that it would be futile to allow the Liquidating Agent to amend its complaint because it lacks standing to pursue its causes of action against Bear Stearns and Hinckley Allen.  *See id*.  For the same reasons stated in the April 7th Ruling, it is equally futile to permit the Liquidating Agent to pursue its original causes of action against Bear Stearns and Hinckley Allen, *i.e.*, the Liquidating Agent lacks standing under the *Wagoner* rule to pursue its fraudulent transfer causes of action against those defendants.  Therefore, to restate the obvious: the court's April 7th Ruling precludes the Liquidating Agent from pursuing its fraudulent transfer claims against Bear Stearns and Hinckley Allen in its original complaint.  To read the April 7th Ruling otherwise would nullify its conclusion.

The Liquidating Agent also argues that it "would be prejudiced if the Court intended or adopted the broader interpretation and dismissed the claims against [Bear Stearns and Hinckley Allen] in response to the Liquidating Agent's Motion to Amend the Original Complaint, particularly where [Bear Stearns and Hinckley Allen] filed Answers to the Original Complaint long before the Liquidating Agent filed the Motion to Amend." (Clarification/Reconsideration Motion at 6.). It is of little consequence that Bear Stearns and Hinckley Allen filed answers. Further, while the parties have engaged in motion practice, discovery has been conducted, and there have been settlements reached with other defendants, the trial has not yet been scheduled. Therefore, this adversary proceeding is not so advanced that the Liquidating Agent is prejudiced by the court's application of the April 7th Ruling to pursue the remaining defendants.

### *Reconsideration*

"Motions under Rule 60(b) [*i.e.*, reconsideration motions] are addressed to the sound discretion of the . . . court . . .". *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990).

> The standard for granting motions for reconsideration is strict; motions for reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice.

*In re NatTel, LLC*, No. 3:07-mc-285 (SRU), 2010 WL 2977133, *1, slip op. (D. Conn. July 22, 2010)(internal quotations and citations omitted).

The Liquidating Agent does not identify any changes in controlling law, nor any new evidence that was not previously available. And, from its memorandum in support of its Clarification/Reconsideration Motion, it is apparent that the Liquidating Agent does

not seek reconsideration on either of those bases.  Rather, the Liquidating Agent relies on the "clear error" factor to support its argument for reconsideration.  The court is unpersuaded.

Consideration of Precedent

The Liquidating Agent argues that, "[b]ecause the [April 7th Ruling] relied on the analysis in *Wagoner* without considering the reasoning of the *Ryan* decision and other distinguishing cases, the ruling is clear error that the Liquidating Agent respectfully requests the Court to correct upon reconsideration.  It is clear under Second Circuit district court law that *Wagoner* does not apply to the avoidance claims."  (Memo in Support of Clarification/Reconsideration Motion at 10 (doc. #5633).)  *Ryan* does not support the Liquidating Agent's position.  *See Ryan v. Sullivan, Hill, Lewin, Rez, Engel and Labazzo*, 316 B.R. 101 (D. Conn. 2004).

Parenthetically, while this court should, and in fact did, consider *Ryan*, it is only required to follow a district court decision in a case or controversy that is under consideration in this court.  *Ryan* is not such a case.

Moreover, *Ryan* is factually inapposite from the matter here.  In *Ryan*, the trustee's cause of action was a "general, *state law avoidance action* that might theoretically be raised by any creditor. . ." 316 B.R. at 107 (emphasis added).  The *Ryan* court recognized that it was not the type of case which dealt  with "claims of a creditor for damages arising out of actions taken by the debtor and a third-party," *id.*, as was so in the Second Circuit decisions in *Wagoner*, *Hirsch*,[4] and *Mediators*.[5]  Because of that factual distinction, the *Ryan* court noted that those Second Circuit decisions had limited precedential value.  *See id.*  Further, because of the *factual nature* of the trustee's claim, the *Ryan* court found the trustee had standing to bring her avoidance

---

[4]  *Hirsch v. Arthur Andersen & Co. (In re Colonial realty Co.)*, 72 F.3d 1085 (2d Cir. 1995).

[5]  *Mediators, Inc. v. Manney (In re The Mediators, Inc.)*, 105 F3d 822 (2d Cir. 1997).

action.  It had nothing to do with the invocation of statutory authority as the Liquidating Agent alleges.

Further, it is not clear error for this court to decline to consider the other cases the Liquidating Agent cites, as they also are not binding precedent.  *See, e.g.*, *Tesse-Milner v. Beeler, et al. (In re Hampton Hotel Inv., L.P.)*, 289 B.R 563 (Bankr. S.D.N.Y. 2003).  And, the court is not obligated to consider and rely upon commentary.  *See, e.g.*, Tanvir Alam, *Fraudulent Advisors Exploit Confusion in the Bankruptcy Code: How In Pari Delicto Has Been Perverted to Prevent Recovery for Innocent Creditors*, 77 Am. Bankr. L.J. 305 (Summer 2003) (cited by Liquidating Agent at the June 14, 2011 hearing on its Clarification/Reconsideration Motion).

### Exception to the *Wagoner* Rule

The Liquidating Agent argues that it was error for the court to disregard the adverse interest exception to the *Wagoner* rule. But that argument ignores the applicable exception to that exception.

The adverse interest exception notes that management misconduct will not be imputed to the corporate debtor if management, purportedly acting on behalf of the corporate debtor, was "really committing a fraud for his own benefit."  *In re Bennett Funding Group, Inc.*, 336 F.3d 94, 100 (2d Cir. 2003) (quoting *Wight v. Bankamerica Corp.*, 219 F.3d 79, 87 (2d Cir. 2000)).

> The theory is "that where an agent, though ostensibly acting in the business of the principal, is really committing a fraud for his own benefit, he is acting outside of the scope of his agency, and it would therefore be most unjust to charge the principal with knowledge of it."

*Wight*, 219 F.3d at 87 (quoting *Munroe v. Harriman*, 85 F.2d 493, 495 (2d Cir. 1936)). The adverse interest exception applies "only when the agent has 'totally abandoned' the principal's interests."  *Mediators*, 105 F.3d at 827 (further citation omitted). But, "where the principal and agent are one and the same, the adverse interest exception is itself subject to an exception styled the 'sole actor' rule," which "imputes the agent's knowledge to the principal notwithstanding the agent's self-dealing because the party

that should have been informed was the agent itself albeit in its capacity as principal."
*Id.* (citing *Munroe*, 85 F.2d at 495-97).  Thus, where the sole actor rule is applicable, the
trustee or liquidating agent is precluded from raising the adverse interest exception.
That was the finding in the April 7th Ruling.  *See Stanwich VI*, 2011 WL 1331926, at *1-
2 (quoting from the court's prior decision in *Stanwich III*, 317 B.R. at 229[6]).  Hence,
there is no clear error warranting reconsideration.

### Conclusion

For the foregoing reasons, IT IS ORDERED that the Liquidating Agent's
Clarification/Reconsideration Motion is granted in part and denied in part with the court
providing the requested clarification of its April 7th Ruling and denying reconsideration.

Dated this 30th day of September 2011 in Bridgeport, Connecticut.


By the court


*Alan H. W. Shiff*
Alan H. W. Shiff
**United States Bankruptcy Judge**

---

[6]  The court notes that in *Stanwich VI*, at page *2, it provided an incorrect citation
to *Stanwich III*.  The correct citation is *Stanwich III*, 317 B.R. 224, 229 (Bankr. D. Conn.
2004).