**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| STANWICH FINANCIAL SERVICES CORP., | : | Ch. 11 |
| | : | |
| | : | Case No. 01-50831 |
| Debtor. | : | |
| | : | |
| THE LIQUIDATING AGENT OF STANWICH FINANCIAL SERVICES CORP., on behalf of THE LIQUIDATING ESTATE OF STANWICH FINANCIAL SERVICES CORP. and its CREDITORS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. 02-5023 |
| | : | |
| JONATHAN H. PARDEE, CAROL P. HAVICAN, INDIVIDUALLY AND AS TRUSTEE OF THE JONATHAN H. PARDEE CHARITABLE REMAINDER TRUST, OGDEN H. SUTRO, VIRGINIA S. MORSE, INDIVIDUALLY AND AS CO-TRUSTEE OF THE DUNBAR HEELER TRUST, PETER M. DODGE, INDIVIDUALLY AND AS CO-TRUSTEE OF THE DUNBAR WHEELER TRUST, BEAR, STEARNS & CO., INC., FIRST UNION CAPITAL MARKETS CORPORATION, HINCKLEY, ALLEN & SNYDER, LLP, SCOTT A. JUNKIN, PC, ROBINSON- HUMPHREY CO., LLC, and JOHN DOES 1 through 20, | : | |
| Defendants. | : | |

*Appearances*:

| | | |
|---|---|---|
| Erick M. Sandler, Esq. | : | For the Liquidating Agent[1] |
| Day Pitney LLP | : | |
| 242 Trumbell Street | : | |
| Hartford, CT 06103 | : | |
| | : | |
| David B. Zabel, Esq. | : | For Defendant Hinckley Allen |
| Cohen and Wolf, P.C. | : | |
| 1115 Broad Street | : | |
| Bridgeport, CT 06604 | : | |
| | : | |
| Scott D. Rosen, Esq. | : | For Defendant Bear Stearns |
| Cohn Birnbaum & Shea, P.C. | : | |
| 100 Pearl Street, 12th Floor | : | |
| Hartford, CT 06103 | : | |

Alan H. W. Shiff, United States Bankruptcy Judge:

**MEMORANDUM AND ORDER ON LIQUIDATING AGENT'S
THIRD MOTION FOR LEAVE TO AMEND COMPLAINT**

INTRODUCTION

The plaintiff ("Liquidating Agent") seeks leave to amend its complaint ("Third Motion to Amend") (ECF No. 602). The two remaining defendants, Bear Stearns & Co., Inc. ("Bear Stearns") and Hinckley, Allen & Synder. LLP ("Hinckley Allen") object. For the reasons that follow, the Liquidating Agent's Third Motion to Amend is granted in part and denied in part.

---

[1] *See Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 377 B.R. 432, 432 n.1 (Bankr. D. Conn. 2004) (treating the Liquidating Agent as the plaintiff of record pursuant to the Court's January 14, 2004 confirmation order).

**BACKGROUND**

This chapter 11 case was commenced on June 25, 2001. There have been eight prior decisions which provide a detailed background of the issues presented in this in adversary proceeding, familiarity with which is assumed.[2] The Court repeats only

---

[2] See "**Stanwich I**": *Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 288 B.R. 24 (Bankr. D. Conn 2002) (addressing standing of creditors' committee to commence and prosecute avoidance proceeding);

"**Stanwich II**": *Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 291 B.R. 25 (Bankr. D. Conn. 2003) (denying Pardee Defendants' motion to dismiss because statute of limitations to bring an avoidance action is subject to equitable tolling);

"**Stanwich III**": *Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 317 B.R. 224 (Bankr. D. Conn. 2004) (denying Liquidating Agent's first motion to amend complaint on application of *Wagoner* rule; Liquidating Agent provided opportunity to file a second amended complaint);

"**Stanwich IV**": *Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 377 B.R. 432 (Bankr. D. Conn. 2004) (finding that granting the Liquidating Agent's Rule 9019 motion may be prejudicial to the Pardee Defendants, sustaining the Pardee Defendants' objection to said motion);

"**Stanwich V**": *Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 2008 WL 638363 (Bankr. D. Conn. Mar. 3, 2008) (denying the Pardee Defendants' request to dissolve TRO);

"**Stanwich VI**": *Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 2011 WL 1331926 (Bankr. D. Conn. Apr. 7, 2011) (denying Liquidating Agent's second motion to amend complaint on application of *Wagoner* rule);

"**Stanwich VII**": *Official Committee of Unsecured Creditors v. Pardee et al. (In re Stanwich Fin. Servs. Corp.)*, 2011 WL 4571986 (Bankr. D. Conn. Sept. 30, 2011) (clarifying that *Stanwich VI* applied to original complaint, as well as proposed second amended complaint and denying Liquidating Agent's motion to reconsider denial of second motion to amend complaint); and

"**Stanwich VIII**": *Ivey, Barnum & O'Mara, LLC v. Bear, Stearns & Co., Inc., and Hinckley, Allen & Snyder, LLP (In re Stanwich Fin. Servs. Corp.)*, 488 B.R. 829 (D. Conn. 2013) (concluding Liquidating Trustee has standing to assert fraudulent transfer claims pursuant to § 544(b) of the Bankruptcy Code and vacating orders in *Stanwich VI*

that portion of the background necessary for this ruling.

On May 3, 2002, the Committee of Unsecured Creditors[3] commenced this adversary proceeding.  (*See* ECF No. 1 ("Original Complaint").)[4]  The impetus for that action was the Debtor's 1997 leveraged buyout ("LBO") transaction, which Bear Stearns and Hinckley Allen allegedly helped effectuate and for which they were allegedly compensated.  It is those payments which the Liquidating Agent claims are fraudulent transfers and seeks to avoid.

The instant Third Motion to Amend and corresponding third amended complaint[5] ("Proposed Third Amended Complaint") were filed as a consequence of *Stanwich VIII*, and this Court's April 6, 2011 approval of a settlement of the Liquidating Agent's claims against defendant Pardee and others.  (*See* ECF No. 556.)  In *Stanwich VIII*, the

---

and *Stanwich VII*).

[3]  "[P]ursuant to an April 16, 2002, stipulated order, the Committee of Unsecured Creditors commenced this adversary proceeding to avoid certain transfers associated with the sale of Settlement Services Treasury Assignments, Incorporated ("SSTAI") to SST Acquisition Corp.  SSTAI was later renamed Stanwich Financial Services Corporation."  *Stanwich IV*, 377 B.R. at 435.  Pursuant to the joint plan of reorganization, confirmed on January 14, 2004, the Liquidating Agent was substituted as the plaintiff of record in this action.  *See, supra*, note 1.

[4]  The Original Complaint remains the operative complaint in this action.  (*See Stanwich VII*, 2011 WL 4571986, at *1.)  Bear Stearns and Hinckley Allen answered the Original Complaint.  (*See* Bear Stearns' Answer, ECF No. 95; Hinckley Allen's Answer, ECF No. 49.)  *See also, infra,* note 5.

[5]  The first and second motions to amend the Original Complaint were denied with the Court finding that, pursuant to the *Wagoner* rule, the Liquidating Agent lacked standing to bring its fraudulent transfer claims.  *See Stanwich III*, 317 B.R. 224 (Bankr. D. Conn. 2004); *Stanwich VI*, 2011 WL 1331926 (Bankr. D. Conn. Apr. 7, 2011).  The *Wagoner* rule derives from the Second Circuit's decision in *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 118 (2d Cir. 1991).

District Court concluded that "[w]hen Congress has specifically granted the trustee the power to assert the fraudulent transfer claim, *Wagoner* is inapplicable–standing had been statutorily conferred." 488 B.R. at 834 (citations omitted). Therefore, the Liquidating Agent had standing to pursue its fraudulent transfer claims under Code § 544(b). *See id.* at 835. But, "[b]ecause the Liquidating Agent's section 548 claims against Bear Sterns and Hinckley Allen cannot satisfy the temporal requirement of section 548 [*i.e.*, the debtor's bankruptcy filing was more than two years after the transfers were made], they fail as a matter of law." *Id.* Under the settlement approved by this Court, the Liquidating Agent dismissed claims against the remaining defendants other than Bear Stearns and Hinckley Allen.

The Proposed Third Amended Complaint contains an extensive background section and five counts. Counts I through IV allege fraudulent transfers under Bankruptcy Code §§ 544, 550, and 551, and the Uniform Fraudulent Transfer Act provisions of Rhode Island General Laws § 6-16-4 or § 6-16-5(a). Count V is a claim for equitable subordination.

The Liquidating Agent argues that those causes of action and the prayer for relief are the same as in the Original Complaint. The Liquidating Agent further argues that the only difference between the Original Complaint and the Proposed Third Amended Complaint appears in Part 4 of the background section (s*ee* Proposed Third Amended Complaint, Part 4, Sections C-G, ECF No. 616-1), and that difference is a mere expansion of factual allegations that provide greater detail to the events that led up to the 1997 LBO. It is noted that some of those additional allegations extend back to

early 1992. (*See, e.g.*, Proposed Third Amended Complaint at ¶27.)

Bear Stearns objects on the basis that the allegations in the Proposed Third Amended Complaint are time-barred, rendering an amendment futile; the alleged fraud is not pled with the requisite particularity required under Rule 9; and that the *Wagoner* rule is applicable.[6] (Bear Stearn's Objection, ECF No. 613.) Hinckley Allen objects on substantially the same grounds, as well as a claim that the amended counts fail to state a claim against it upon which relief may be granted. (Hinckley Allen's Objection, ECF No. 610.[7])

### DISCUSSION

Rule 15, Fed. R. Civ. P. 15, made applicable in bankruptcy by Rule 7015, Fed. R. Bankr. P., is the predicate for the Court's analysis and provides in relevant part:

> (a)(2) Other Amendments . . . . [A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
> \* \* \*
> (c)(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
> . . .

---

[6] As noted, *supra* at 5, in its decision, the District Court ruled that *Wagoner* is inapplicable to the Liquidating Agent's § 544 causes of action. *See Stanwich VIII*, 488 B.R. at 834. Acknowledging the applicability of *Stanwich VIII*, Bear Stearns raises the *Wagoner* rule as a basis to object to the Third Motion to Amend "for purposes of preserving the issue for any appeal if the [bankruptcy] Court determines to allow the proposed Third Amended Complaint". (Bear Stearn's Objection at 8, ¶24, ECF No. 613.)

[7] Similar to Bear Stearns, *see*, *supra*, note 6, Hinckley Allen also raised the *Wagoner* issue as a basis to deny the Third Motion to Amend "for purposes of preserving the issue for any appeal . . ." (Hinckley Allen's Objection, ECF No. 610 at 15 n.8.)

> (B) the amendment assets a claim . . . that arouse out
> of the conduct, transaction, or occurrence set out – *or
> attempted to be set out* – in the original pleading;
>
> . . .

Fed. R. Bankr. P. 7015(a)(2), (c)(1) (emphasis added).

> When a party requests leave to amend its complaint,
> permission generally should be freely granted. *See, e.g.,
> Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962);
> Fed. R. Civ. P. 15(a)(2). . . . Leave to amend may properly
> be denied if the amendment would be futile, *see, e.g.,
> Foman*, 371 U.S. at 182, 83 S. Ct. 227, as when the
> proposed new pleading fails to state a claim on which relief
> can be granted, *see, e.g., Ricciuti v. N.Y.C. Transit
> Authority*, 941 F.2d 119, 123 (2d Cir.1991).

*Anderson News, LLC v. America Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).

Specifically as to Rule 15(c)(1):

> "For a newly added action to relate back, 'the basic claim
> must have arisen out of the conduct set forth in the original
> pleading . . . .' " *Tho Dinh Tran [v. Alphonse Hotel Corp.]*,
> 281 F.3d [23,] at 36 [(2d Cir. 2002)] (quoting *Schiavone v.
> Fortune*, 477 U.S. 21, 29, 106 S. Ct. 2379, 91 L. Ed.2d 18
> (1986)). Under Rule 15[(c)], the "central inquiry is whether
> adequate notice of the matters raised in the amended
> pleading has been given to the opposing party within the
> statute of limitations by the general fact situation alleged in
> the original pleading." *Stevelman [v. Alias Research Inc.]*,
> 174 F.3d [79,] at 86 [(2d Cir. 1999)] (internal quotations and
> citation omitted). Where the amended complaint does not
> allege a new claim but renders prior allegations more
> definite and precise, relation back occurs. *Id.* at 87.

*Slayton v. American Exp. Co.*, 460 F.3d 215, 228 (2d Cir. 2006); *see also Stevelman*, 174 F.3d at 87 ("Where no new cause of action is alleged . . . th[e Second Circuit] liberally grants relation back under Rule 15(c)." (citing *Siegel v. Converters Transp., Inc.*, 714 F.2d 213, 216 (2d Cir. 1983)). Indeed, as a sister court has stated:

> Rule 15(c) does not set a high bar for relation back, so long as the claims attempted to be asserted in the new complaint share a reasonable measure of common ground with the allegations of the original pleading. Rule 15(c) requires only that they arise out of the same "conduct, transaction, or occurrence . . . attempted to be set forth" in the original complaint, but those original allegations do not need to have been sufficient, on their own, to state a claim. Fed. R. Civ. P. 15(c)(2). As courts have found, *"adequate notice" not of the particulars but of the "general fact situation" is all that is required*. Contemporary Mission, Inc. v. N.Y. Times Co., 665 F. Supp. 248, 255-56 (S.D.N.Y. 1987).

*Silverman v. H.I.L. Assoc. Ltd. (In re Allou Distrib.)*, Inc. 387 B.R. 365, 397 (Bankr. E.D.N.Y. 2008)(emphasis added). *See also McCarthy v. Associated Clearing Bureau, Inc.*, No. 3:97-cv-1969 (RNC), 1999 WL 1995185, at *5 (D. Conn. Sept. 3, 1999) (citation omitted) ("An amended complaint will not be found to relate back to the first complaint if it alleges a new set of operational facts.").

A review of the Original Complaint demonstrates that it provides adequate notice of the general facts underlying of the 1997 LBO transaction (*see, e.g.*, Original Complaint ¶¶ 35, 44, 45, 46, 49-50); a claim that Bear Stearns and Hinckley Allen received compensation for their assistance in effectuating that transaction (*see, e.g.*, Original Complaint ¶¶1, 15, 44, 47-48, 49, 54, 55, 59); and a claim that the payments received by Bear Stearns and Hinckley Allen were fraudulent transfers that are avoidable (*see, e.g.*, Original Complaint ¶¶ 49, 59, and p.35). The Proposed Third Amended Complaint alleges the same causes of action against Bear Stearns and Hinckley Allen. A comparison of the two documents, however, demonstrates that there are notable differences. Part 4 of the background section of the Proposed Third Amended Complaint asserts additional facts relating to earlier events that led to the

1997 LBO (from as far back as early 1992).

As noted, Bear Stearns and Hinckley Allen have objected to the Proposed Third Amended Complaint, arguing that fraud has to be plead with particularity under Rule 9. *See* Fed. R. Civ. P. 9(b), made applicable in bankruptcy by Fed. R. Bankr. P. 7009.[8] The expanded factual allegations eviscerate those objections. However, the Liquidating Agent's Proposed Third Amended Complaint goes well beyond addressing any deficiency in pleading fraud, as it also attempts to expand the temporal framework of that LBO transaction, to include *"any and all previous transfers received in the furtherance of the 1997 LBO"*. (*See* Proposed Third Amended Complaint, Count I, ¶ 118, 120; Count II, ¶ 117, 118; Count III, ¶ 115, 116, 117; Count IV, ¶116 (emphasis added).[9]) That expansion exceeds the parameters of the notice given in the Original Complaint. Therefore, while Second Circuit Rule 15(c) jurisprudence warrants a finding that the Proposed Third Amended Complaint relates back to the Original Complaint, the scope of those causes of action must be limited to the allegations of fraudulent transfers made to Bear Stern and Hinckley Allen, directly or indirectly to effectuate the 1997 LBO, *within the time period alleged in the Original Complaint*. The proposed undelineated "previous transfers in furtherance of the 1997 LBO" is too vague.

Bear Sterns and Hinckley Allen also object on the basis of futility, *i.e.*, the Liquidating Agent is time-barred from bringing its causes of action. The statute-of-

---

[8] Rule 9(b) provides, in relevant part: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

[9] The court notes that for each of the five counts in the proposed Third Amended Complaint, the paragraph numbers are repeated, not sequential in an ascending manner.

limitation argument was raised and addressed in a prior ruling on a motion to dismiss filed by former defendants Pardee and Sutro. On that occasion, the Court ruled that the Original Complaint alleges sufficient facts to warrant the tolling of the applicable statutes. *See Stanwich II*, 291 B.R. at 27-28. That decision is the law of this case. *See, e.g., United States v. Carr*, 557 F.3d 93, 101 (2d Cir. 2009) ("[W]hen a court has ruled on an issue, 'that decision should generally be adhered to by that court in subsequent stages in the same case.'" (*quoting United States v. Quintieri*, 306 F.3d 1217, 1225)(2d Cir. 2002); further citations omitted)); *see also Tucker v. Am. Int'l Group, Inc.*, No 3:09-cv-1499 (CSH), 2011 WL 6020851, at *8 n.21 (D. Conn. Dec. 2, 2011) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (*quoting Arizona v. California*, 460 U.S. 605, 618 (1983)). The Court finds no basis to revisit that ruling here.

Hinckley Allen raises a separate futility argument fashioned as a "failure to state a claim" objection. (*See* Hinckley Allen's Objection at 13, ECF No. 610.) It contends there are insufficient factual pleadings to support the Liquidating Agent's claim that it (Hinckley Allen) was a transferee of funds. The Court is unpersuaded. The Original Complaint pleads sufficient facts that permit the Court to draw a reasonable inference that Hinckley Allen is liable as a transferee. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 1949-50 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Similarly, the Proposed Third Amended Complaint does not state a new claim; it merely "renders prior allegations more definite and precise." *Slayton*, 460 F.3d

at 228. Therefore, since the Original Complaint states fraudulent transfer claims against Hinckley Allen, there is no futility in allowing the Proposed Third Amended Complaint.

## CONCLUSION

Accordingly, **IT IS ORDERED** that the Liquidating Agent's Third Motion to Amend is granted in part and denied in part. Within 14 days from the date of this decision, the Liquidating Agent is to file its Third Amended Complaint consistent with this ruling.

Dated this 19th day of March 2014 at Bridgeport, Connecticut.

By the court

Alan H. W. Shiff
United States Bankruptcy Judge